UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| STEPHANIE E. HERBERT<br>RYAN O. HERBERT | CIVIL ACTION NO. 20-1153 |
| VERSUS | JUDGE DONALD E. WALTER |
| BOSTON SCIENTIFIC CORPORATION | MAGISTRATE JUDGE HORNSBY |

---

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by the Defendant, Boston Scientific Corporation ("Boston Scientific"). See Record Document 89. For the reasons that follow, Boston Scientific's motion for summary judgment is **GRANTED**.

## BACKGROUND

Plaintiff, Stephanie Herbert, alleges that she has been injured by a pelvic mesh device manufactured by Boston Scientific. Stephanie Herbert and her husband, Ryan (hereinafter collectively referred to as "the Herberts"), filed suit against Boston Scientific asserting the following claims regarding the pelvic mesh device: negligence, design defect, manufacturing defect, failure to warn, breach of express warranty, breach of implied warranty, loss of consortium, discovery rule, tolling and fraudulent concealment, and punitive damages. Boston Scientific filed the instant motion for summary judgment seeking dismissal of all of the Herberts' claims. In response to Boston Scientific's motion for summary judgment, the Herberts, appearing pro se, filed a one-page letter to the Court, that was unsigned separately by both parties. The "opposition" simply stated that the Herberts were "opposing" the motion for summary judgment and would like to settle their case. See Record Document 95. Thereafter, the Herberts filed another letter with

the Court, also unsigned separately by both parties, that contained no competent summary judgment evidence but requested that Mrs. Herbert's "past 10 years of challenges [] be considered in the ruling." Record Document 98.

## LAW AND ANALYSIS

A.  **Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

As the letters from the Herberts essentially equate to a non-response, the Court notes that "a district court may not grant a motion for summary judgment merely because it is unopposed." Bustos v. Martini Club, Inc., 599 F.3d 458, 468 (5th Cir. 2010). The moving party is still required to establish that there is no genuine issue of material fact regardless of whether any response has been filed. See Davis-Lynch, Inc. v. Moreno, 667, F.3d 539, 550 (5th Cir. 2012). However, because the Herberts did not file a statement of contested material facts, Boston Scientific's statement of uncontested material facts is deemed admitted for the purposes of the instant motion

pursuant to Local Rule 56.2. See Dade v. Clayton, No. 12-680, 2012 WL 1795144, at *2 (W.D. La. May 11, 2012).

**B.     The Louisiana Products Liability Act ("LPLA").**

The "Louisiana Products Liability Act" ("LPLA") can be found in Louisiana Revised Statutes 9:2800.51 et seq. The LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in [the LPLA]." La. R.S. 9:2800.52; see also Stahl v. Novartis Pham. Corp., 283 F.3d 254, 261 (5th Cir. 2002) (noting that while claims under the LPLA are based on principles of strict liability, negligence, or warranty, these theories are not independently "available as theories of recovery against a manufacturer."). "The LPLA establishes four exclusive theories of product liability: defective design, defective manufacture, failure to warn, and breach of warranty." Grenier v. Med. Eng'rg Corp., 243 F.3d 200, 203 (5th Cir. 2001) (citing La. R.S. 9:2800.52). "The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity." La. R.S. 9:2800.54. According to the LPLA, a product is unreasonably dangerous if and only if the claimant can prove at least one of the four theories of recovery noted above and explicitly outlined in Section 9:2800.54.

As previously mentioned, the Herberts asserted claims for negligence, design defect, manufacturing defect, failure to warn, breach of express warranty, breach of implied warranty, loss of consortium, discovery rule, tolling and fraudulent concealment, and punitive damages. However, the claims for negligence, strict liability, breach of implied warranty, and fraudulent

3

concealment should all be dismissed, as they are "not available as theories of recovery against a manufacturer, independent from the LPLA." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 261 (5th Cir. 2002). See also Jefferson v. Lead Indus. Ass'n, Inc., 106 F.3d 1245, 1252 (5th Cir. 1997) ([P]laintiff's allegations of negligence, fraud by misrepresentation, market share liability, breach of implied warranty of fitness and civil conspiracy fail to state a claim against the . . . manufacturers under the LPLA and must therefore be dismissed."); Pitre v. Yamaha Motor Co., Ltd., 51 F.Supp.3d 644, 661 (E.D. La. 2014) ("The LPLA does not provide causes of action for negligence, fraudulent concealment, or unjust enrichment. Thus, Plaintiffs may not individually maintain actions under Louisiana law based on any of these theories.").

It is also well-settled under Louisiana jurisprudence that punitive or other penalty damages are not allowable unless expressly authorized by statute. See Int'l Harvester Credit Corp. v. Seale, 418 So.2d 1039, 1041 (La. 1988). The LPLA, which, as mentioned, provides the exclusive theories of liability against a manufacturer, does not authorize punitive damages. See Evans v. I-Flow Corp., No. 11-777, 2012 WL 1970882 (W.D. La. May 31, 2012); Ivory v. Pfizer Inc., No. 09-0072, 2009 WL 3230611 (W.D. La. Sept. 30, 2009). As such, the Herberts' claims for punitive damages must also be dismissed.

In addition, under the LPLA, the Herberts' claims are subject "to a liberative prescription of one year."[1] Crochet v. Bristol-Myers Squibb Co., 804 F. App'x 249, 252 (5th Cir. 2020) (quoting La. Civ. Code art. 3492). "Damage is considered to have been sustained, within the

---

[1] The law of prescription sets the time limit for a plaintiff to bring a claim. As noted by the Louisiana Supreme Court, the fundamental purpose of the prescription statutes is to "afford a defendant both economic and psychological security from stale claims and from the loss or non-preservation of relevant proof." Taranto v. La. Citizens Prop. Ins. Corp., 62 So.3d 721, 726 (La. 2011).

meaning of [Article 3492], only when it has manifested itself with sufficient certainty to support accrual of a cause of action." In re: Taxotere (Docetaxel) Prod. Liab. Litig., 995 F.3d 384, 389 (5th Cir. 2021) (quoting Cole v. Celotex Corp., 620 So.2d 1154, 1156 (La. 1993)). Prescription runs "from the time there is notice enough to call for *inquiry* about a claim, not from the time when the inquiry reveals facts or evidence sufficient to *prove* the claim." Id. at 391 (emphasis in original) (quoting Terrel v. Perkins, 704 So.2d 35, 39 (La. App. 1st Cir. 1997)). "The commencement of prescription does not necessarily wait for the pronouncement of a victim's physician or of an expert." Luckett v. Delta Airlines, Inc., 171 F.3d 295, 300 (5th Cir. 1999). A plaintiff has "an obligation to further investigate the facts in order to pursue his claim before the one-year prescriptive period []lapse[s]." Rozas v. Dep't of Health & Hum. Res., 522 So.2d 1195, 1197 (La. App. 4th Cir. 1988).

The remaining claims of the Herberts have prescribed. Mrs. Herbert was implanted with the pelvic mesh device on October 11, 2010. Due to alleged suffering, which the Herberts both attributed to the device, Mrs. Herbert had the device surgically removed on July 31, 2012. Around that same time, the Herberts discussed commercials they had seen on television regarding complications from pelvic mesh surgeries. This led to the Herberts seeking the advice of a lawyer in 2014. The one-year prescriptive period thus began running no later than 2014. The Herberts, however, did not file suit until February 1, 2017. The Herberts did not act reasonably in light of Mrs. Herbert's injury and their causes of action were "reasonably knowable in excess of one year prior to [their] filing suit." Fontenot v. ABC Ins. Co., 674 So.2d 960, 964 (La. 1996). Accordingly, the Herberts claims are prescribed and must be dismissed.[2]

---

[2] Mr. Herbert's claim for loss of consortium is also prescribed, as it is a delictual action subject to a one-year prescriptive period pursuant to Louisiana Civil Code article 3492, and, as a claim derivative of his spouse's injuries, the prescriptive period is tied to his spouse's underlying injuries.

5

## CONCLUSION

For the reasons stated herein, Boston Scientific's Motion for Summary Judgment (Record Document 89) is hereby **GRANTED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 16th day of August, 2021.

*/s/ Donald E. Walter*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

See Peterson v. C.R. Bard, Inc., No. 13-0528, 2015 WL 2239681, at *2 (M.D. La. May 12, 2015), aff'd, 654 F. App'x 667 (5th Cir. 2016).